IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOMINIC JOSEPH ABBOTT, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 12-308 |
| | ) | |
| MICHAEL J. MACHEN, Allegheny | ) | District Judge Nora Barry Fischer/ |
| County Public Defender; | ) | Magistrate Judge Maureen P. Kelly |
| PENNSYLVANIA DEPARTMENT OF | ) | |
| CORRECTIONS; SCI PITTSBURGH | ) | |
| (Individually/Officially); SCI | ) | |
| SCI PITTSBURGH RECORDS | ) | |
| DEPARTMENT; SCI PITTSBURGH | ) | |
| MEDICAL DEPARTMENT; SCI CAMP | ) | |
| HILL (Individually/Officially); SCI CAMP | ) | |
| HILL RECORDS DEPARTMENT; SCI | ) | |
| GREENE (Individually/Officially); SCI | ) | |
| GREENE RECORDS DEPARTMENT, | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

It is respectfully recommended that, pursuant to the screening provisions of the Prison Litigation Reform Act, the Civil Action Complaint (the "Complaint") be dismissed for failure to state a claim upon which relief can be granted.

**II. REPORT**

Dominic Joseph Abbott, ("Plaintiff") has filed a Complaint, ECF No. 1-1, alleging that his current sentence, when it was imposed, was miscalculated because he should have received more pre-trial detention credit against that sentence. Because such a claim necessarily calls into question the validity of his sentence, the claim is barred by the doctrine of Heck v. Humphrey,

512 U.S. 477 (1994), and must be dismissed for failure to state a claim upon which relief can be granted.

### A. PROCEDURAL AND FACTUAL BACKGROUND

At the time of initiating this civil action, Plaintiff was a prisoner at the State Correctional Institution in Graterford, Pennsylvania ("SCI-Graterford"). Plaintiff was granted *in forma pauperis* ("IFP") status and is proceeding pro se. ECF No. 5. In the Complaint, asserting violations of his constitutional rights, Plaintiff alleged, in relevant part, that

> **1b.** PETITIONER [sic] WAS SENTENCED TO A TERM OF ONE TO TWO YEARS IN A STATE CORRECTIONAL INSTITUTE OF PENNSYLVANIA, WHEREIN THE COURTS AND ITS EMPLOYEES CALCULATED THE TOTAL SENTENCE CREDIT AVAILABLE TO PETITIONER, UPON CONCLUSION OF THEIR FINDINGS THE COURT DETERMINED THAT SENTENCE CREDIT WAS AVAILABLE FROM SEPTEMBER 21, 2001 TO THE RECORD OF DATE APRIL 22, 2002.
>
> **1c.** PETITIONER "VERBALLY APPEALED" WITH COUNSEL AND TO THE OPEN COURT THAT THE TOTAL CREDIT FOR TIME SERVED CALCULATION DERIVED BY ITS EMPLOYEES WAS INCORRECT, PETITIONER THEN MOVED TO ADDRESS THE COURTS THAT A BAIL HAD BEEN POSTED IN REGARD TO THE TIME IN QUESTION (CC 200106568 HONORABLE O[']TOOLE) AND THE AVAILABLE TIME WOULD BE FROM AUGUST 17, 2001 TO THE RECORD OF DATE APRIL 22, 2002.

ECF No. 1-1 at 1. Plaintiff claims the foregoing violates many of his Constitutional rights, including his Third Amendment right in that he will be "illegally quartered" beyond his prison term. ECF No. 1-1 at 3. Plaintiff also claims his Fourth Amendment rights are violated because he will be "falsely imprisoned" beyond his time as a consequence of the incorrectly calculated sentence. Id. Plaintiff further claims that his Fifth Amendment rights against double jeopardy will be violated because of the illegal sentence. Id. In addition, Plaintiff claims his Sixth Amendment rights were violated when his criminal defense attorney did not pursue the claim that Plaintiff's sentence was

2

miscalculated. Id., at 4. Plaintiff also contends it is cruel and unusual punishment to erroneously calculate his sentence which will cause him to serve time that he should not be required to serve. Id.

The Complaint has not been served yet.

**B. APPLICABLE LEGAL PRINCIPLES**

In the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of frivolous and harassing law suits brought by persons in custody. The PLRA permits courts to screen complaints filed by prisoners and dismiss them before they are served if the complaints fail to state a claim or are frivolous or malicious. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). Because Plaintiff is a prisoner who has been granted IFP status and/or because Plaintiff sues government employees, the screening provisions of the PLRA apply. See 28 U.S.C. § 1915A, ("[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."). See also 28 U.S.C. §1915(e) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

In performing the Court's mandated function of sua sponte review of complaints under 28 U.S.C. §§ 1915A & 1915(e) to determine if they fail to state a claim upon which relief can be

granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997)(applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)).

In reviewing complaints as mandated by 28 U.S.C. §§ 1915A & 1915(e) and in applying the standards applicable to a 12(b)(6) motion to dismiss, the complaint must be read in the light most favorable to the plaintiff and all well-pleaded, material allegations of fact in the complaint must be taken as true. See Estelle v. Gamble, 429 U.S. 97 (1976). Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519 (1972).

**C. DISCUSSION**

Taking all inferences in favor of Plaintiff, what he appears to be complaining of in the Complaint is that his sentence is improperly calculated and, as a consequence, many of his Constitutional rights are thereby violated. Because such allegations necessarily call into question the validity of his sentence/incarceration, Heck v. Humphrey, 512 U.S. 477 (1994) bars the present civil rights action as long as Plaintiff's sentence and/or incarceration remain undisturbed. Hence, the Heck doctrine requires that the Complaint be dismissed.

In Heck, a state prisoner convicted of voluntary manslaughter brought a civil rights action against prosecutors and a police investigator, asserting that the defendants, acting under color of state law had engaged in an unlawful, unreasonable and arbitrary investigation, leading to Heck's arrest; had knowingly destroyed evidence that could have proven Heck's innocence and caused

an illegal voice identification procedure to be used at his state trial.  Heck, 512 U.S. at 479.  The United States Supreme Court rebuffed such an effort and held as follows:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

Heck 512 U.S. at 486-87 (footnote omitted).

Instantly, it is clear that if Plaintiff were successful in any of his claims, his success would inevitably have the result of impacting the length of his challenged sentence, hence, he is barred by Heck, unless or until he has met the conditions of Heck, to wit, that his sentence length has been called into question by either being "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus" or something analogous thereto.  Heck.  See, e.g., Glenn v. Pa. Bd. of Prob. & Parole, 410 F. App'x 424, 425–26 (3d Cir. 2011) (holding § 1983 claim alleging plaintiff was being imprisoned beyond the expiration of his sentence "would necessarily imply that the Parole Board ha[d] incorrectly determined his release date or ha[d] failed to timely release him" and was therefore barred by *Heck* because plaintiff's sentence had not been invalidated); McKinney v. Pa. Bd. of Prob. & Parole, 405 F. App'x 646, 647–48 (3d Cir. 2010) (holding § 1983 claim alleging due process and other constitutional violations based on defendants' incorrect calculation of plaintiff's maximum sentence, resulting in his imprisonment beyond the maximum terms of his state court sentences, was barred by *Heck*); Royal v. Durison, 254 F. App'x 163, 165–66 (3d Cir. 2007) (holding *Heck* barred § 1983

5

damages claims challenging plaintiff's incarceration in excess of the maximum sentence and defendants' failure to properly investigate plaintiff's allegations his time served had been improperly calculated); Beaven v. Roth, 74 F. App'x 635, 638 (7th Cir. 2003) ("A state prisoner's suit challenging the computation of his sentence is a suit challenging the duration of his confinement, and therefore, the appropriate vehicle to raise such a claim in federal court is a writ of habeas corpus under § 2254, after exhausting state court remedies."). See also Muhammad v. Close, 540 U.S. 749, 750 (2004)("Challenges to the validity of any confinement **or to particulars affecting its duration** are the province of habeas corpus")(emphasis added); Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002)("When read together, there is a logical and coherent progression of Supreme Court jurisprudence clarifying when § 1983 is unavailable: whenever the challenge ultimately attacks the 'core of habeas' --the validity of the continued conviction or the fact or length of the sentence--a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.").

Accordingly, because Plaintiff seeks to challenge the length of his sentence and he has not alleged that the requirements of Heck have been satisfied,[1] the Complaint should be dismissed for failing to state a claim upon which relief can be granted.

---

[1] See, e.g., Royal v. Durison, 254 F. App'x at 165 ("Royal does not allege that his prior proceedings were favorably terminated, and therefore he must show that success on the instant claim would not necessarily 'demonstrate the invalidity' of his incarceration in a legally cognizable manner."); Baskett v. Papini, 245 F. App'x 677, 678 (9th Cir. 2007)("The district court properly dismissed Baskett's section 1983 action as *Heck*-barred because his allegations necessarily call into question the validity of the probation revocation, and Baskett failed to allege that his sentence has been invalidated."); Mitschell v. Donald, 213 F. App'x 920, 922 (11th Cir. 2007) (affirming the district court's dismissal for failure to state a claim under Heck, where

(…footnote continued on next page)

## III. CONCLUSION

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

September 24, 2012                                             s/Maureen P. Kelly
                                                               MAUREEN P. KELLY
                                                               UNITED STATES MAGISTRATE JUDGE

cc:    Nora Barry Fischer
       United States District Judge

       Dominic Joseph Abbott
       GB-5800
       SCI Graterford
       P.O. Box 244
       Graterford, PA 19426

---

"[t]he district court concluded that, under *Heck*, Mitschell was not entitled to money damages because he failed to allege any facts showing that his imprisonment sentence was successfully vacated."); Clay v. Brown, 151 F.3d 1032 (Table), 1998 WL 516794, at * 2 (7th Cir. 1998)(court affirmed dismissal for failure to state a claim under Heck, "[b]ecause Clay does not allege that his conviction has been reversed or otherwise called into question as articulated by *Heck*, he may not seek damages for any violation of his right against self-incrimination."). See also Avery v. Nicol, 208 F.3d 212 (Table), 2000 WL 282903, at*2 (6th Cir. 2000) ("The plaintiff bears the burden of showing that his claims are not barred by *Heck*.").